KELSEY v. PENDILL.

LAND CONTRACT—EXTENSION—CONSIDERATION.

The vendee under a land contract, having assigned an interest in the same to third parties, suffered a forfeiture by failing to make the second payment. A new agreement was thereupon entered into, whereby the time for payment was extended, an option being granted to the vendee and his assigns to receive a new contract for the purchase of the property by paying up, within a specified time, the full amount that would have been due under the old contract. The agreement further provided that the vendee should assign to the vendor a note held by him against the complainant, one of the assignees aforesaid, which note, when paid, was to be credited by the vendor "upon the sum so to be paid as the consideration for the new contract of purchase." Before the expiration of the optional period, the vendor reduced the note to judgment, a part of which complainant paid, and secured the balance. The optional contract was also forfeited, and the original vendee gave to complainant a release of his rights under the note. Complainant sought to restrain the collection of the judgment, and to recover the part paid. *Held*, that he was not entitled to the relief prayed, it being apparent that the note was delivered as a part of the consideration for the optional contract, with the understanding that it should be applied upon the purchase price, when paid, if the vendee and his assigns should conclude to take the land.

Appeal from Marquette; Stone, J. Submitted April 10, 1896. Decided May 19, 1896.

Bill by Charles H. Kelsey against James Pendill and Merwin E. Asire to recover back money paid upon a judgment, and to restrain the collection of the balance of such judgment. From a decree for complainant, defendant Pendill appeals. Reversed.

*Hill & Rood (A. B. Eldredge*, of counsel), for complainant.

*Clark & Pearl*, for appellant.

HOOKER, J. Pendill, being owner of 90 acres of land in the suburbs of Marquette, executed a contract to sell the same to his codefendant, Asire, for $20,000, of which $5,000 was paid down; and the remainder was to be paid in installments of like amounts at the expiration of one, two, and three years, respectively. Asire sold an interest to several others, who participated in subsequent dealings. Of these, Kelsey was one. The second payment, due September 8, 1893, was not made; and Pendill sought to terminate the contract under the forfeiture clause, and gave notice accordingly. This resulted in a new agreement between Pendill, on the one hand, and Asire and his associates, upon the other, a copy of which is appended to this opinion. The note given by Kelsey to Asire was

---

ARTICLES OF AGREEMENT REFERRED TO IN THE OPINION.

Articles of agreement entered into this 20th day of December, 1893, by and between James Pendill, of Marquette, Michigan, as party of the first part, and Merwin E. Asire, Gad Smith, Lydia E. Hager, James Dwyer, and Charles H. Kelsey, of the same place, as parties of the second part, witnesseth, that whereas, on the 8th day of September, 1892, said party of the first part executed and delivered a contract, as party of the first part, to said Merwin E. Asire, as party of the second part, for the sale of lots numbered one (1), two (2), and three (3), of section two (2), in township numbered forty-eight (48) north, of range numbered twenty-five (25) west, and containing together ninety-seven (97) acres of land, more or less, according to government survey thereof; and whereas, under said contract, it was agreed that the said Merwin E. Asire should pay to the said James Pendill, as the purchase price of said land, the sum of $20,000, as follows: $5,000 on the execution and delivery of the said agreement; $5,000 on the 8th day of September, 1893; $5,000 on the 8th day of September, 1894; and $5,000 on the 8th day of September, 1895; and whereas, in said contract of sale it was agreed that if default should be made by the said Asire, party of the second part, in any of the payments of the principal and interest, at the time, or at any of the times, hereinbefore specified for the payment thereof, and for 10 days thereafter, or in case the said Asire, said party of the second part, should fail to keep and perform the said contract of purchase in any respect wherein the same is required to be kept and performed, in any such case that the said James Pendill should have the right immediately, in case of such forfeiture, to declare the said contract of purchase void and

delivered to Pendill, according to the contract, payment of the same being guaranteed by Asire, in writing, upon it, and, before the expiration of the optional period mentioned in the new contract, Pendill recovered judgment upon the note and guaranty, against both Kelsey and Asire, upon which judgment Kelsey paid to Pendill the sum of $300. Asire and his associates did not perform the conditions of the optional contract, and Pendill declined to extend the time. Kelsey, in the meantime, had given Pendill security upon certain stock, in consideration of his withholding execution upon the judgment; and, after the expiration of the optional contract, Asire gave to Kelsey a release from further liability upon the note. And this bill was filed by Kelsey against Pendill and Asire, praying that they account with the complainant, and that Pendill be restrained from prosecuting the collection of said judgment, and that he refund to him the sum paid. No relief was prayed against Asire. The bill was taken as confessed by Asire, and Pendill answered.

---

no longer binding, and also declare all payments forfeited to himself, and by such forfeiture the said land, with the buildings and improvements thereon, should revert to said Pendill; and whereas, default has been made by the said Asire and his assigns (who are hereinafter named) in the carrying out of the conditions of the said contract of purchase, as aforesaid; and whereas, the said James Pendill has elected to declare the said contract of purchase void and no longer binding, as provided by the said contract of purchase, by the service upon the said Asire and his assigns (hereinafter named) of a written notice of such election on his part to so forfeit the said contract; and whereas, the said Asire and his said assigns (hereinafter named) claim certain equitable rights under said contract of purchase, of September 8, 1892, in the land above described; and whereas, it appears that Gad Smith, James Dwyer, Lydia E. Hager, and Charles H. Kelsey have each an equal interest with the said Merwin E. Asire in the said contract of September 8, 1892, by an agreement entered into by the said Asire, Dwyer, Hager, Smith, and William O. Butler (which Butler has assigned his interests to Charles H. Kelsey), under an instrument also dated the 8th day of September, 1892:

It is hereby understood and agreed by and between the said James Pendill, as said party of the first part, and said Merwin E. Asire, Gad Smith, Lydia E. Hager, James Dwyer, and Charles H. Kelsey, as parties of the second part, that the said parties of the second part will surrender, release, and forever quitclaim all right, title, and interest in the said land to the said party of the

The complainant claims that, according to the terms of the contract, the note was received by Pendill, and, when paid, the amount received was to be credited to Asire and his associates, and applied upon the purchase price of the land, in case they availed themselves of their right to purchase, and that, not having done so, Pendill has no right to enforce the payment as to the amount unpaid, or to retain the sum paid by Kelsey. Upon the other hand, Pendill contends that the note was given and received as a part of the consideration for the optional contract, but with the understanding that it was to be applied upon the purchase price, if Asire and his associates should take the property. He offered some testimony tending to show this, which was contradicted by Asire. Kelsey admitted paying $100 upon the judgment after the expiration of the contract. The circuit court disregarded this testimony, holding that it was inadmissible, as it tended to vary the written contract, and disposed of the case upon his construction of the writing.

---

first part, which quitclaim is this day made by the said second parties to the said first party, simultaneous in date and in accordance with this agreement, in consideration of said party of the first part agreeing that if the said parties of the second part, their heirs or assigns, shall, by the 1st of December, 1894, pay to said party of the first part the amount that was due to said party of the first part on September 8, 1893, principal and interest, under the conditions of said contract of September 8, 1892, from said Merwin E. Asire, together with interest on said sum so due until paid, and will also pay the sum of $5,000 that would have been due on the 8th of September, 1894, under the said contract of September 8, 1892, together with interest thereon from September 8, 1892, until paid, and also all interest which would have been due September 8, 1894, on the $5,000, the last payment mentioned in said contract of September 8, 1892, and will also pay all taxes that shall be assessed upon the said land, then said party of the first part will make a new contract of sale of the said land in question to the second parties, for a price equal to the amount of the last payment mentioned in said contract of September 8, 1892, to wit, $5,000, with interest thereon at 7 per cent. from September 8, 1894, and which consideration price in said new contract shall be payable on the 8th day of September, A. D. 1895, the date mentioned in the said old contract of September 8, 1892, for the amount of the last payment, as aforesaid, with interest, which new contract said party of the first part hereby promises to make on or before December 1, 1894, if said second parties shall perform

The optional contract extended the time for meeting the payment due September 8, 1893, to December 1, 1894,—a period of nearly 15 months. There was testimony tending to show that, at the time this contract was made, a railroad was projected, which, if built, would be likely to enhance the value of the land. The contract itself shows a forfeiture of the former one, under which it was agreed that payments made should be forfeited. In the light of the circumstances, we think the more reasonable construction of the writing to be that the note was delivered as a part of the consideration for the optional·contract, with the understanding that it should be applied upon the purchase price, when paid, if Asire and his associates should conclude to take the land. This seems the more reasonable, inasmuch as full payment of the amounts falling due before was a condition precedent to a new contract, which would leave no apparent inducement to

the conditions hereinbefore stated; it being the intent of the said party of the first part to this instrument to give to said parties of the second part an option to receive a contract of sale of said land from him upon the performing of the conditions above stated on or before the 1st of December, 1894, but with the express understanding and agreement that, in case of failure on the part of the said parties of the second part to perform such conditions as aforesaid, all right or claim under this agreement to any such contract from the said party of the first part as aforesaid shall terminate and end, without any notice upon the part of the party of the first part to said parties of the second part whatever; time being· the essence of this contract, and this agreement being intended as an optional right on the part of the parties of the second part to elect to so pay to said party of the first part the sum above stated, and perform all the conditions herein named, on or before December 1, 1894, and, in that case, receive a contract of purchase from said party of the first part of the land in question as aforesaid, but not otherwise.

It is further understood and agreed that, whereas, on the 21st day of December, 1892, the said party of the first part and the said Merwin E. Asire made an agreement supplemental to the said contract of September 8, 1892, aforesaid, whereby said party of the first part granted to said Asire the right to plat the said land into an addition to the city of Marquette, Michigan, and which was so platted into blocks and lots, said plat being called "Island Beach;" and whereas, said parties of the second part to this instrument are desirous of having the right to negotiate sales of lots in the said addition: It is hereby further agreed that they shall be allowed to do so, and to negotiate sales at prices not less than $100 a lot, and upon

Pendill to incur expense in collecting the note, according to the interpretation urged by counsel for the complainant.

The bill will therefore be dismissed, with costs of both courts.

MONTGOMERY and MOORE, JJ., concurred.  LONG, C. J., and GRANT, J., did not sit.

---

paying to said party of the first part the full price at which lots may have been sold prior to this date, or may be negotiated for sale hereafter, as aforesaid, said party of the first part agrees to make deeds thereof to said parties of the second part, or to such persons negotiating for the purchase of said lots, at the request of said parties of the second part, as desired, and also agrees to credit the amount so received upon the amount that is to be paid by the parties of the second part in order to entitle them to a further agreement of purchase of the said land as aforesaid.

It is further understood and agreed that the aforesaid Merwin E. Asire shall assign to the said party of the first part a note which he holds against the said Charles H. Kelsey for $800, which, when paid, shall be credited by the said party of the first part upon the sum so to be paid as the consideration for a new contract of purchase as aforesaid of the entire property as aforesaid, but the said note is not to be received itself as such payment, until the money shall be paid thereon; it being understood that no such partial payments, whether from lots or the note aforesaid, shall entitle the parties of the second part to such new contract of purchase of the entire property as aforesaid, unless the full amount that would have been due on December 1, 1894, to said party of the first part, under the old contract of September 8, 1892, if kept in force, shall be paid on or before December 1, 1894.

In witness whereof, the said parties hereto have hereunto set their hands and seals the day and year first above written. Executed in duplicate.

|  |  |
|---|---|
| JAMES PENDILL. | [SEAL] |
| MERWIN E. ASIRE. | [SEAL] |
| GAD SMITH. | [SEAL] |
| LYDIA E. HAGER. | [SEAL] |
| JAMES DWYER. | [SEAL] |
| CHARLES H. KELSEY. | [SEAL] |

Signed, sealed, and delivered in presence of
    B. O. PEARL.
    F. O. BROWN.